UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CASSANDRA STARETZ,

    Plaintiff,

v.

WALMART STORES EAST, L.P., et al.

    Defendants.

CIVIL ACTION NO. 3:22-CV-00967

(MEHALCHICK, M.J.)

**MEMORANDUM**

This is a personal injury action, initiated upon filing the complaint in this matter by Plaintiff Cassandra Staretz ("Staretz") on July 1, 2021, asserting claims against Defendants Walmart Stores East, L.P., Walmart Stores East Inc., and Walmart Inc. (collectively, "Defendants"). (Doc. 1-1, at 3-13). Staretz subsequently filed a complaint on May 17, 2022. (Doc. 1-1). Presently before the Court is Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. 3). On July 6, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 6). For the following reasons, Defendants' motion will be **GRANTED.**

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The events giving rise to this complaint stem from an incident that purportedly occurred on July 19, 2019, while Staretz was shopping in Defendants' store located at 390 Route 315, Pittston, Luzerne County, Pennsylvania. (Doc. 1-1, ¶¶ 12-14). Staretz alleges that she was struck in the head by a case of Arizona Iced-Tea, which caused physical and mental

injuries. (Doc. 1-1, ¶ 14). In the complaint, Staretz asserts negligence-based claims against Defendants and seeks monetary damages, including punitive damages. (Doc. 1-1, at 7-13).

Defendants filed the instant motion to dismiss, along with a brief in support and exhibits, on June 23, 2022. (Doc. 3; Doc. 3-2; Doc. 4). Therein, Defendants contend that Staretz's complaint should be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. 4, at 3). Staretz filed a brief in opposition on July 6, 2017, along with supporting exhibits. (Doc. 8; Doc. 8-1). Defendants filed a reply brief on July 18, 2022. (Doc. 9). The Court conducted an oral argument concerning the pending motion to dismiss on December 1, 2022. (Doc. 10).

The motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 3; Doc. 4; Doc. 8; Doc. 9)

**II.     STANDARD OF LAW**

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should

"begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions . . . .'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading

requirement. *Schuchardt*, 839 F.3d at 347.

## III. DISCUSSION

Defendants argue that Staretz's complaint is subject to dismissal for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. 4, at 3-5). In opposition, Staretz argues that the Court should deny Defendants' motion to dismiss because service was proper and timely under the Pennsylvania Rules of Civil Procedure, the Federal Rules of Civil Procedure do not contemplate punishing Staretz for a technical defect, Staretz has made a good-faith effort to serve Defendants, and Defendants had actual and constructive notice of the complaint and are not prejudiced by the present circumstances. (Doc. 8, at 1-8).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Kerr v. Sagan*, No. 3:21-CV-00459, 2022 WL 7570950, at *3 (M.D. Pa. Oct. 13, 2022) (quoting *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017)). Because Staretz allegedly initially served Defendants before they removed the case to federal court, the validity of service is determined under Pennsylvania law. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009) (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986)).

Because service is the mechanism by which a court obtains jurisdiction over a defendant, the rules governing service of process must be strictly followed. *East Allegheny Sch. Dist. v. Snyder,* No. 1288 C.D.2009, 2010 WL 9512669, at *4 (Pa. Commw. Ct. Nov. 5, 2010) (citing *Cintas Corp. v. Lee's Cleaning Servs.,* 549 Pa. 84, 700 A.2d 915, 920 (Pa.1997)). "Proper service is not presumed . . . [and] the return of service itself must demonstrate that the service

was made in conformity with the Pennsylvania Rules of Civil Procedure." *Serrino v. Cty. of Luzerne Tax Claim Bureau,* No.2014 C.D.2012, 2013 WL 3952312, at *5 (Pa. Commw. Ct. Aug. 1, 2013) (quoting *City of Phila. v. Berman,* 863 A.2d 156, 160 (Pa. Commw. Ct. 2004)).

A. S<span style="font-variant:small-caps">taretz failed to effectuate service of process on Defendants.</span>

The Pennsylvania Rule of Civil Procedure 404 allows a plaintiff to service an out-of-state, in pertinent part,

> within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof:
>
> (2) by mail in the manner provided by Rule 403; [or]
>
> (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction . . . .

Pa. R. Civ. P. 404.[1]

Pennsylvania Rule of Civil Procedure 402(2) authorizes service outside the Commonwealth "by mail in the manner provided by Rule 403." Rule 403 provides that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403. Defendants argue that Staretz failed to properly serve Defendants via certified mail and file certification in compliance in violation of Pa. R. Civ. P. 403 and 404. (Doc. 4, at 5). Specifically, Defendants state that "Staretz's failure to effectuate proper service is evident by the inactivity on the Luzerne County Court of Common Pleas civil docket, which clearly

---

[1] There is no dispute that Defendants are an out-of-state corporation. (Doc. 8, at 5; Doc. 4, at 3).

indicates that Staretz never filed the return of service, as required by Pa. R. Civ. P. 405(e)." Additionally, Defendants contend that the delivery notification does not verify that any Defendant received service through an authorized agent as required by Pa. R. Civ. P 403, as the alleged agent is unnamed and unidentifiable by signature, consisting of a single drawn line. (Doc. 9, at 4; Doc. 8-1, at 6). Furthermore, Defendants aver that Staretz failed to mail the writ to the proper address as the delivery notification relied on by Staretz indicates that the writ was mailed to 2101 SE 8th Street, Bentonville, Arkansas 72712. (Doc. 9, at 5; Doc. 8-1, at 6). However, the address identified on the writ indicates Defendants' address is 702 SW 8th Street, Bentonville, Arkansas 72712 where the later complaint was mailed. (Doc. 9, at 5; Doc. 8-1, at 16; Doc. 8-1, at 20).

In opposition, Staretz contends that she effectuated proper and timely service of process under the Pennsylvania Rules of Civil Procedure. (Doc. 8, at 5). Specifically, Staretz argues that Defendants' objection is based on a technical assertion that Staretz did not file the return of service with the Prothonotary pursuant to Pa. R. Civ. P. 405(e) and highlights that Defendants have only objected to the signatory signature and lack of filing with the Prothonotary a year after service. (Doc. 8, at 6). Furthermore, Staretz avers that the proper course of action is to permit Staretz to engage in discovery to determine the relationship of the signatory agent to the Defendants. (Doc. 8, at 6).

Where a plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had the authority to sign on the defendant's behalf; otherwise, service is not proper. *See, e.g. Lampe v. Xouth, Inc.,* 952 F.2d 697, 701 (3d Cir. 1991) (where plaintiff admitted that the defendant did not sign the return receipts and has offered no proof that the signatures belong to defendant's authorized agents, the mailing did not

constitute effective service under Rule 403); *Ghost v. Victory Recovery Serv., Inc.,* Civ. A. No. 14–215, 2014 WL 1515700, at *2 (E.D. Pa. Apr. 17, 2014) (rejecting plaintiff's argument that the signatory on return receipt of mail addressed to defendant at his "usual place of business" was an authorized agent because the note to Rule 403 states that the U.S. Postal Service only permits restricted delivery mail to be delivered to "the addressee or his authorized agent," service of process held to be improper where plaintiff provided "no evidentiary basis to explain the relationship" between the signatory and the defendant); *Resh v. Brosnac,* Civ. A. No. 11–cv–01924, 2012 WL 1114583, at *3 (E.D. Pa. Mar. 30, 2012) (finding service improper under Rule 403 where there was no confirmation that the name on the return receipt was defendant's authorized agent); *Pennington v. Wells Fargo Bank, N.A.,* Civ. A. No. 11–CV–2896, 2012 WL 959361, at *2 (E.D. Pa. March 22, 2012) (finding service improper under Rule 403 where the record "does not contain any evidence" of a receipt signed by the defendant or his authorized agent); *Scanlin v. TD Waterhouse, Inc.,* No. 4:05–CV–2458, 2006 WL 1724565, at *2 (M.D. Pa. June 19, 2006) ("Where the plaintiff has not offered proof that the signatures belong to an 'authorized agent' of the defendant, and where there is no way to discern the identity of the signer, a mailing does not constitute effective service under Pennsylvania law.")

As stated, Pennsylvania Rule of Civil Procedure 403 requires a plaintiff to send process by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. When Staretz attempted service on July 7, 2021, she used a proper method but service was ineffective as the signature on the postal receipt is illegible, and there is no other information on the receipts which would make it possible for the Court to determine if the signatory was an "authorized agent" of any Defendant, as required by Pennsylvania law. Pa. R. Civ. P. 403; *Scanlin,* 2006 WL 1724565, at *2; (Doc. 8-1, at 6). Staretz bases the agent's

legitimacy on the fact that Defendants waited more than two years after the action occurred, and a year after service, to object. (Doc. 8, at 6). However, under Staretz's argument, any individual who signs a return receipt, from the mere fact of signing, could be a defendant's authorized agent. Furthermore, Staretz's reasoning does not comport with federal courts in the Third Circuit, which place the burden on a plaintiff to show that the individual receiving process was an authorized agent of the defendant. *See Lampe,* 952 F.2d at 701; *Howard v. AT&T Mobility Servs., LLC*, No. 1:20-CV-2213, 2021 WL 5757334, at *1 (M.D. Pa. Aug. 17, 2021); *Kornea v. J.S.D. Mgmt.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018).

Furthermore, it is unclear that the summons and complaint were delivered to the right address - the delivery notification indicates that the writ was mailed to 2101 SE 8th Street, Bentonville, Arkansas 72712. (Doc. 8-1, at 6). However, the address identified on the writ indicates Defendants' address is 702 SW 8th Street, Bentonville, Arkansas 72712 where the later complaint was mailed. (Doc. 8-1, at 16, 20); *see Pinkney-Price v. PNC Bank*, No. 3:17-CV-00189, 2018 WL 2925914, at *3 (M.D. Pa. May 22, 2018), *report and recommendation adopted sub nom. Pinkney-Price v. PNC Mortg.,* No. 3:17-CV-0189, 2018 WL 2921099 (M.D. Pa. June 11, 2018)) (granting defendants' Rule 12(b)(5) motion to dismiss and concluding plaintiff's second attempt of service on defendant because it was not signed by the defendant or its authorized agent and failed to submit a proof of service of declaration with her return receipt). Furthermore, the parties concede that the return of service was not filed with the Prothonotary as required by Pa. R. Civ. P. 405(e). (Doc. 4, at 5; Doc. 8, at 5).

Thus, without any indication that the signature on the delivery receipt is Defendants' authorized agent or that the writ was mailed to the proper address, the Court finds that Staretz failed to effect proper service under Pennsylvania Rule of Civil Procedure 403.

B.     THE ACTION IS DISMISSED AS TIME-BARRED.

As the Court found that service was insufficient, "[t]he ultimate question, then, is whether the action should be dismissed as time-barred, or whether, even though [Staretz]'s initial service was technically insufficient, [Staretz] acted in good faith and tolled the statute of limitations . . . ." *Kerr*, 2022 WL 7570950, at *5. Defendants argue that Staretz did not exhibit a good faith effort to effectuate original service within the required timeframe, thus failing to preserve Staretz's statute of limitations. (Doc. 4, at 5-8).

In opposition, Staretz argues that Defendants incorrectly base their statute of limitations argument on the fact that Defendants were not properly served with the writ of summons and that Staretz did in fact properly file the writ of summons on July 1, 2021, within the statute of limitations, and served the writ six days later, within the timeframe prescribed by Pa. R. Civ. P. 404. (Doc. 8, at 12). Alternatively, Staretz cites *McCreesh v. City of Philadelphia*, 888 A.2d 664, 672 n.7 (Pa. 2005), as standing for the proposition that even if there were a procedural defect in service, a case should not be dismissed where there has been a good-faith effort to effect service and the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." (Doc. 8, at 9). Staretz avers that she has made a good faith effort to serve the writ of summons and that Defendants were not and are not prejudiced by the present circumstances, and that Defendants had actual notice of the suit, demonstrated by correspondence between Staretz's counsel and Defendants' representatives and a litigation-hold letter issued by Staretz's counsel.[2] (Doc. 8, at 9-12). In response,

---

[2] The Court also notes that in opposition of Defendants' motion to dismiss, Staretz cites *Ferraro v. Patterson-Erie Corp.*, 279 A.3d 1291 (Pa. Super. Ct. 2022), as standing for the proposition that courts should consider the effects of the pandemic as they relate to any analysis of Staretz's good faith efforts to serve the complaint on the Defendants during this

Defendants argue that Staretz's service to an unidentifiable person at the incorrect address should not be considered good faith. (Doc. 9, at 9). Furthermore, Defendants aver that letters sent by Staretz's counsel are insufficient to show that Defendants had notice of the lawsuit under *McCreesh*, 888 A.2d at 672. (Doc. 9, at 9).

Pursuant to 42 Pa. Con. Stat. Ann. § 5524(2), Staretz was required to bring this action within two years of the event giving rise to her claims, or by July 19, 2021.[3] Staretz's obligations under the Pennsylvania Rules of Civil Procedure also requires that she serve Defendants within ninety days of issuing the writ or filing the complaint pursuant to Pa. R. Civ. P. 404 or file a praecipe to reinstate the writ following the ninety-day expiration Pa. R. Civ. P. 401(b)(1). Here, Staretz commenced the action by writ of summons on July 1, 2021. (Doc. 1-1, at 3). She served the writ of summons upon Defendants via United Postal Service on July 7, 2021. (Doc. 8-1, at 6). However, as discussed *supra*, Staretz did not affect proper service in accordance with the Pennsylvania Rules of Civil Procedure. Accordingly, as Staretz did not serve Defendants within the ninety day time period and Staretz did not attempt to

---

period of time. (Doc. 8, at 10-11). While the Court acknowledges the effects of the pandemic as they relate to the analysis of Staretz's good faith efforts, Staretz has not shown how the COVID-19 pandemic actually affected counsel's ability to serve the writ at the proper address, obtain an authorized signature or file a return of service in compliance. *See Gold Line, Inc. v. Ourbus, Inc.*, No. 3:20-CV-02015, 2022 WL 16554992, at *6 (M.D. Pa. Oct. 31, 2022) (acknowledging that some of plaintiff's attempts at service failed due to "forces out of Plaintiff's control, *i.e.*, Defendant's remote workforce during a global pandemic," but concluding that plaintiff did not establish good faith for failure to timely serve defendant because plaintiff "offered no rationale for its inaction for more than four months following its initial attempt at service.").

[3] Personal injury claims are subject to a two-year statute of limitations under Pennsylvania law. The parties concede that 42 Pa. Con. Stat. Ann. § 5524(2) is the applicable statute of limitations with respect to Staretz's negligence claims. (Doc. 4, at 8; Doc. 8, at 13).

reinstate or reissue the writ following the expiration on September 29, 2019, the undersigned finds that Staretz filed the complaint pursuant to an expired writ. (Doc. 1-1).

The Court recently addressed a similar issue in *Kerr v. Sagan*, 2022 WL 7570950, at *5-6. In *Kerr*, the Court determined that the plaintiff's initial service of process via first-class mail on July 30, 2020, was insufficient under Pennsylvania Rules of Civil Procedure 403 and 404 because he sent the complaint via first-class mail, which did not require a signed receipt, and defendants did not answer or appear within 60 days following mailed service. *Kerr*, 2022 WL 7570950, at *4. When the plaintiff attempted service a second time on December 22, 2020, he used a proper method under the Pennsylvania rules, but his service was potentially untimely as he reinstated his complaint after the applicable statute of limitations, 42 Pa. Stat. and Cons. Stat. Ann. § 5524(2), had run. *Kerr*, 2022 WL 7570950, at *4. Thus, the issue was whether the plaintiff's action should be dismissed as time-barred, or whether, even though the plaintiff's initial service was technically insufficient, the plaintiff acted in good faith and tolled the statute of limitations such that his second service of process was sufficient under the Pennsylvania rules. *Kerr*, 2022 WL 7570950, at *5. In addressing this issue, the Court relied on the Eastern District of Pennsylvania's summarization of the history of the good-faith requirement under Pennsylvania law in *O'Meally v. City of Philadelphia*, No. CV 21-5677, 2022 WL 1172973, at *2 (E.D. Pa. Apr. 20, 2022), explaining that:

> The court explains that under Pennsylvania Rule of Civil Procedure 401 (and in the case of out-of-state defendants, Rule 404), a writ or complaint may be reissued "any number of times," each time restarting the period during which the writ or complaint must be served—here, a period of ninety days. *See id*. "Historically, this process meant that, so long as a writ of summons was issued or complaint was filed within the statute of limitations, the plaintiff could reissue the writ or reinstate the complaint as often as needed within 'a period equivalent to that permitted by the applicable statute of limitations' "—here, a period of two years. *O'Meally*, 2022 WL 1172973, at *2 (quoting *Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976)). Some litigants abused this process and

sat on their claims for a period well outside of the statute of limitations without even attempting service, thereby undermining the very purpose of the statute. *See id.* (first citing *Gussom*, 247 A.3d at 1054-55; and then citing *Lamp*, 366 A.2d at 886).

As the Eastern District notes, the Pennsylvania Supreme Court sought to correct this abuse in a series of cases, starting with *Lamp v. Heyman* and most recently in *Gussom v. Teagle.* Together, those cases established "that for a writ to be reissued or the complaint reinstated outside the statute of limitations, the plaintiff must have engaged in a 'good-faith effort' to 'diligently and timely' serve the defendant before the writ or complaint expired." *O'Meally*, 2022 WL 1172973, at *2 (citing *Gussom*, 247 A.3d at 1057).

Whether a plaintiff acted in good faith is assessed on a case-by-case basis and is in the "sound discretion of the trial court." *See Callan*, 2018 WL 4635962, at *5 (citing *Williams*, 199 F. Supp. 3d at 924). Rigid compliance is not required, and courts should avoid "the draconian action of dismissing claims based on technical failings that do not prejudice the defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (2005); *Est. of Ginzburg by Ermey v. Electrolux Home Prod., Inc.*, 783 F. App'x 159, 160 (3d Cir. 2019) (quoting *McCreesh*, 888 A.2d at 674). At the same time, "the plaintiff must have *actually* tried to put the defendant on notice of the suit." *O'Meally*, 2022 WL 1172973, at *2 (emphasis in original). "The service does not have to have been perfect, however, so long as the defendant had 'actual notice' of the suit and was not 'prejudiced' by the improper service." *Id.* (quoting *McCreesh*, 888 A.2d at 666). Notwithstanding this "flexible approach," *McCreesh*, 888 A.2d at 666, courts have emphasized that " '[s]imple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient' to find that a plaintiff did not act with good faith." *Callan*, 2018 WL 4635962, at *5 (quoting *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007)). The burden is on the plaintiff to demonstrate that he acted in good faith. *Gussom*, 247 A.3d at 1057.

The Pennsylvania Supreme Court summarized the plaintiff's burden in the latest decision of its *Lamp* progeny.

> When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual

> notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, 247 A.3d at 1057.

*Kerr*, 2022 WL 7570950, at *5-6.

The *Kerr* Court found that the plaintiff had acted in good faith, in part because the plaintiff's error was a simple mistake, such that he could think he had effectuated service, as evidenced by the Certificate of Service he filed with the complaint. *Kerr*, 2022 WL 7570950, at *5. Furthermore, the Court noted that since neither party asserted that the address was wrong or that the mail was returned as undeliverable, it was plausible for the plaintiff not to discover the error until he "realized that . . . no attorney had entered their appearance in the Philadelphia docket." *Kerr*, 2022 WL 7570950, at *6. The Court explained that the nature of the plaintiff's error made it harder to discover, and subsequently to remedy, than other errors courts have considered. *Kerr*, 2022 WL 7570950, at *7. The Court also noted that there was significant evidence of settlement negotiations occurring between the parties and concluded that the defendants were not prejudiced by the passage of time as "the same facts, memories, witnesses, and evidence were pertinent to those conversations." *Kerr,* 2022 WL 7570950, at *8. In conclusion, the Court found that the plaintiff's good faith attempts tolled the statute of limitations such that when the defendants accepted service of the complaint via certified mail on January 2, 2021, service was properly effectuated. *Kerr,* 2022 WL 7570950, at *8. Therefore, the Court denied the defendants' motion to dismiss pursuant to Rule 12(b)(5). *Kerr,* 2022 WL 7570950, at *8.

Here, the Court recognizes meaningful differences between the facts of the present action and those in *Kerr*. First, Staretz attempted to effectuate proper service before the statute

of limitations ran as evidenced by the filing of the writ of summons on July 1, 2021, and attempted service of the writ on July 7, 2021. *Kerri*, 2022 WL 7570950, at *6. While this simple fact distinguishes this case from several others where courts have found that plaintiffs did not act in good faith, Staretz' errors in effecting service were not limited to a mere technical defect. *See O'Meally*, 2022 WL 1172973, at *3 (granting motion to dismiss "[b]ecause the [plaintiff] did not even attempt to serve the writ or complaint until six months after the statute of limitations expired"); *Lowe v. City of Philadelphia*, No. CV18-223, 2018 WL 6044856 (E.D. Pa. Nov. 19, 2018) (granting motion to dismiss when plaintiff did not attempt service until fourteen months after the statute of limitations expired)). As discussed above, the signature on the delivery notification consisting of a single drawn line is unidentifiable. (Doc. 9, at 4; Doc. 8-1, at 6). The Court finds this meaningfully different from the facts in *Kerr*, where the plaintiff sent the complaint to the defendants via first-class mail, which did not require a signed receipt in violation of Pa. R. Civ. P. 403. *Kerri,* 2022 WL 7570950, at *4. In Staretz's brief in opposition, she preemptively discusses the signatory's potential lack of authority, prior to Defendants' explanation in its reply brief, indicating that Staretz likely new knew the service was improper. (Doc. 8, at 6; Doc. 9, at 4); *see Kerr*, 2022 WL 7570950, at *7 ("The Court recognizes a meaningful difference between a plaintiff who attempts service of process, knows it was a failed attempt, and declines to remedy it, and a plaintiff who incorrectly but genuinely believes he has effectuated service."). Furthermore, as stated, the parties concede that the return of service was not filed with the Prothonotary as required by Pa. R. Civ. P. 405(e). (Doc. 4, at 5; Doc. 8, at 5). This is distinguishable from *Kerr* where the Court found it significant that the plaintiff *thought* that he had effectuated service, as evidenced by the certificate of service he filed with the complaint. *Kerr*, 2022 WL 7570950, at

\*6. Also unlike *Kerr*, Defendants assert, and the Court finds it plausible, that Staretz served Defendants at the wrong address as the address on the delivery notification is different from Defendants' address identified on the writ. (Doc. 8-1, at 6; Doc. 9, at 5). *See Kerr*, 2022 WL 7570950, at \*6.

Furthermore, the Court does not find it plausible that Defendants had actual notice of the litigation. Defendants contend that they were not provided notice of this action until Staretz filed of the complaint and argue that any correspondence or letters sent by Staretz's counsel to Defendants, regarding Staretz's claims, are insufficient to act as actual notice of the lawsuit. (Doc. 9, at 9-10). To support her argument that Defendants were on notice of the suit, Staretz submits evidence of correspondence between Defendants' counsel as well as a litigation hold letter. (Doc. 8-1, at 8-9, 11, 14, 16, 18).

Defendants are correct that courts have rejected "actual notice" arguments where the defendant had notice of the mere "potential for a suit." (Doc. 9, at 9). Here, the Court finds that the correspondence between Defendants reflects the type of engagement in cases where courts have found that defendants had only vague awareness of a potential suit. For example, in *Lowe*, the Eastern District found that the defendant did not have actual notice when the plaintiff sent the defendant "barebones, largely boilerplate correspondence about potential personal injury claims." 2018 WL 6044856, at \*5. Recently, the Eastern District found in *O'Meally v. City of Philadelphia* that two letters, one asking the defendant to preserve evidence and the other providing notice that the plaintiff "might be bringing a tort claim," both sent two years before the litigation began, "did not put the [defendant] on notice that it had *actually* been sued." 2022 WL 1172973, at \*3.

Here, on November 13, 2019, Staretz's counsel sent a letter requesting that Defendants preserve all physical evidence related to Staretz's injury claims. (Doc. 8-1, at 8-9). On January 3, 2020, and June 21, 2021, Staretz sent letters to Defendant Walmart Supercenter advising them that their office represents Staretz in her claim(s) against Defendants for personal injuries. (Doc. 8-1, at 11-12,14). Even assuming these letters should have put Defendants on notice of the *potential* for a suit based on Staretz's personal injury claims, these letters —sent approximately two years before the filing of the complaint — did not put Defendants on notice that it had *actually* been sued, as required for a good faith attempt at service of the writ or complaint. (Doc. 8-1, at 11-12, at 14); see *McCreesh*, 888 A.2d at 672 n.17; *Englert,* 932 A.2d at 127; *O'Meally* , 2022 WL 1172973, at \*3; *Lowe,* 2018 WL 6044856, at \*5. Rather, the letters sent to Walmart Supercenter were largely boilerplate correspondence about alleged personal injury claims and do not indicate any engagement on behalf of Defendants. (Doc. 8-1, at 8, 11, 14); *Lowe,* 2018 WL 6044856, at \*5. In fact, in the letter dated June 21, 2021, Staretz admits that attempts at contacting Defendants have been unsuccessful. (Doc. 8-1, at 14).

The Court finds this kind of passive, unilateral engagement distinguishable from *Kerr*, where the parties actively engaged in settlement negotiations as to provide Defendants actual notice of litigation. *Kerr,* 2022 WL 7570950, at \*7. As such, despite Staretz's argument that Defendants were not prejudiced by the suit, the Court finds that the lapse in time between that event date (July 18, 2019) and the date of this order will likely prejudice Defendants' ability to litigate this case. (Doc. 8, at 11); see *Doye v. Bechtold,* No. 3:21-CV-01278, 2022 WL 176413, at \*3 (M.D. Pa. Jan. 18, 2022); *Hamilton v. Hamilton*, No. 4:19-CV-01517, 2020 WL 487128, at \*2 (M.D. Pa. Jan. 30, 2020).

Accordingly, the Court will grant Defendants' motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is **GRANTED**. (Doc. 3).

An appropriate Order shall follow.


Dated: March 3, 2023                              *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States Magistrate Judge**